UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADREAS VON HIRSCH, )<br>)<br>    Plaintiff )<br>v. )<br>)<br>ANGELYN A. OLSON, )<br>)<br>    Defendant ) | No. 2:21-cv-00107-NT |

### MEMORANDUM DECISION AND ORDER RE: DISCOVERY DISPUTE

In this case arising from a dispute between an employer and his former employee over property, compensation, and fiduciary duties, the parties disagree about whether the plaintiff, Andreas von Hirsch, is obligated to produce unredacted versions of various testamentary documents to the defendant, Angelyn A. Olson. Having reviewed *in camera* all of the testamentary documents, I conclude that Olson is entitled to unredacted copies of them, subject to the existing confidentiality order.

At a discovery dispute hearing on August 26, 2021, Olson argued that the documents are not privileged and that she is entitled to unredacted copies because they are relevant to the claims and counterclaims at issue in this case. *See* Amended Report of Hearing & Order re: Discovery Disputes (ECF No. 30) at 1-3. Von Hirsch, on the other hand, contended that he had produced the only relevant portions of the documents and that the redacted material was irrelevant to the issues in this case. *Id.* at 2. He expressed concern that because the documents reflect changes to his bequests people might "come out of the woodwork" to object to those changes if he is forced to produce unredacted copies of the documents.

The parties agreed that I should conduct an *in camera* review of the testamentary documents to ensure that the redacted portions are unrelated to the parties' claims or defenses. *Id.* at 2-3. I ordered von Hirsch to provide me with unredacted copies of the documents, which were written in German, together with English translations. *Id.* at 3. Von Hirsch did so, and later submitted an additional testamentary document (and a translation thereof) that he identified after the hearing. *See* Notice/Correspondence re: Testamentary Documents (ECF No. 34); Order re Notice (Other)/Correspondence (ECF No. 35).

While clearly not all the information contained in the testamentary documents is relevant to the parties' claims and defenses, at least some of the redacted information appears to be relevant to the issues in this case because it relates to people and property specifically referenced in the parties' pleadings. Given the seeming relevance of some of the redacted information and the undisputed relevance of the unredacted portions of the documents pertaining to Olson, I find Olson's request for the complete unredacted copies of the documents to be reasonable and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" (emphasis added)); *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003) ("[D]istrict courts are to interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants . . . ."); *Bartholomew v. Avalon Cap. Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to provid[e] context for the relevant information.").

In so finding, I am sensitive to von Hirsch's concerns about revealing changes to his bequests. Nevertheless, I find that the existing (and agreed-to) confidentiality order in this case adequately addresses those concerns, *see* Consent Confidentiality Order (ECF No. 11), and that the benefit of production to Olson outweighs the burden to von Hirsch, *see* Fed. R. Civ. P. 26(b)(1).

Accordingly, treating Olson's request for a discovery dispute hearing (ECF No. 20) as a motion to compel, I **_GRANT_** it and **_ORDER_** von Hirsch to produce unredacted copies of the testamentary documents to Olson by no later than October 22, 2021.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 15th day of October, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge