UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADREAS VON HIRSCH,<br><br>        Plaintiff<br><br>v.<br><br>ANGELYN A. OLSON,<br><br>        Defendant | )<br>)<br>)<br>)<br>)  No. 2:21-cv-00107-NT<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND

The defendant, Angelyn A. Olson, seeks leave to amend her counterclaim to add "more detail and organization to her present causes of action[.]" Defendant's Opposed First Amended Motion for Leave to File Amended Pleading ("Motion") (ECF No. 32) at 3. The plaintiff, Andreas von Hirsch, opposes the motion. *See* Plaintiff's Opposition to Defendant's First Amended Motion for Leave to File Amended Pleading ("Opposition") (ECF No. 33). For the reasons that follow, I deny the motion.

### I. Procedural History

Von Hirsch filed his complaint against Olson in April 2021, *see* Complaint (ECF No. 1), and Olson filed her answer and counterclaim against von Hirsch in May 2021, *see* Defendant's [Answer & Counterclaim] (ECF No. 5). In June 2021, von Hirsch filed a motion to dismiss Olson's counterclaim, which the parties finished briefing by mid-July 2021. *See* Plaintiff's Motion to Dismiss Counterclaim (ECF No. 8); Defendant's Objection in Opposition to Plaintiff's Motion to Dismiss (ECF No. 9); Plaintiff's Reply in Support of Motion to Dismiss Counterclaim (ECF No. 12).

1

On August 12, 2021, Olson filed an amended counterclaim unaccompanied by any motion for leave to amend. *See* Defendant's [Answer & First Amended Counterclaim] (ECF No. 19). Von Hirsch objected and asked the court to direct Olson to file a motion for leave to amend. *See* Motion for Order re Amended Counterclaim (ECF No. 23). At a hearing before me on August 26, 2021, Olson agreed to seek leave of court for the amendments she sought to make, and I deemed her first amended counterclaim (ECF No. 19) withdrawn. *See* Amended Report of Hearing and Order Re: Discovery Disputes (ECF No. 30) at 1. I ordered Olson "to file a motion for leave to file an amended counterclaim" – together with her proposed amended counterclaim – by September 9, 2021, and directed that her motion "address the effect that such amendments would have on [von Hirsch's] fully-briefed motion to dismiss her counterclaim[.]" *Id.* at 1-2. I also struck the motion for leave to amend (ECF No. 28) that she had filed after the hearing but before the entry of my written order because it failed to comply with these directions. *See id.* at 2; Order (ECF No. 31). Thereafter, Olson timely filed the instant motion. *See* Motion.

## II.  Legal Standard

In some circumstances, a party may amend its pleading as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, as here, a party may amend its pleading only with the consent of the opposing party or leave of court. *See* Fed. R. Civ. P. 15(a)(2). Such leave, when sought, should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also J.S. McCarthy, Co. v. Brausse Diecutting & Converting Equip., Inc.*, 226 F.R.D. 14, 17 (D. Me. 2005) (noting that this liberal standard reflects the preference for cases to be resolved "on the merits, not because of missteps by counsel in pleading" (citation and internal quotation marks omitted)). Rule 15(a)'s leave freely given standard "does not mean, however, that a . . . court must mindlessly grant every request for leave to amend. When a proffered amendment comes too late,

would be an exercise in futility, or otherwise would serve no useful purpose, the . . . court need not allow it." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006).

### III. Discussion

In her motion, Olson "seeks to amend her Counterclaim to include additional factual background and material to assist [von Hirsch] in understanding the causes of action brought against him." Motion at 2. She does not describe the specific amendments she seeks to make to but argues that von Hirsch will not be prejudiced because she is "merely add[ing] more detail and organization to her present causes of action" and is not asserting "any new causes of action[.]" *Id.* at 3. With regard to von Hirsch's fully briefed motion to dismiss her counterclaim, Olson states,

> [Olson] agrees with [von Hirsch] that the Court should rule on the current Motion to Dismiss based on the Original Counterclaim. Assuming the Court denies [von Hirsch's] Motion to Dismiss, which [Olson] argues the Court should do, then [Olson] moves for leave to allow her to file her First Amended Counterclaim and keep [it] as the live pleading for the duration of the lawsuit.

*Id.* at 2.

Von Hirsch, on the other hand, argues that Olson has failed to follow my direction to describe how her proposed amendments would affect his motion to dismiss and has "disclaimed any desire for the court to consider her proposed amended counterclaim" when ruling on the motion to dismiss. Opposition at 2-3. He urges the court to "take Olson at her word that the new or changed material in the proposed amended counterclaim would have no effect on the pending motion to dismiss and deny the motion for leave to amend on the ground that the amendments would be immaterial." *Id.* at 3. He also points out that Olson's failure "to meaningfully identify the changes made to" her counterclaim has made it difficult to identify "precisely which allegations were added, removed, altered, and relocated[.]" *Id.* at 2 (quoting *Old Town Util. & Tech. Park,*

3

*LLC v. Consol. Edison, Sols., Inc.*, No. 2:19-cv-00029-JDL, 2020 WL 2789794, at *4 (D. Me. May 29, 2020)).

Von Hirsch has the better argument for several reasons.

First, I agree that Olson has not fully complied with my direction to describe how her proposed amendments would impact von Hirsch's motion to dismiss. *Cf. Old Town Util. & Tech. Park, LLC*, 2020 WL 2789794, at *4 (denying plaintiffs' motion for leave to amend where, among other things, they failed to "identify and explain the import of the precise changes made in their proposed amended" pleading "as they were directed to do" by a prior court order). Second, Olson's suggestion that the court give her leave to file an amended counterclaim but still decide von Hirsch's motion to dismiss based on her original counterclaim makes little sense given that an amended pleading "supercedes the original" and typically "renders a pending motion to dismiss moot." *Leeds v. BAE Sys.*, Civil No. 10-cv-109-JD, 2010 WL 2245941, at *1 (D.N.H. June 2, 2010). Finally, where Olson describes her proposed amendments as merely adding background details and organization to her counterclaim and suggests that the changes do not speak to the merits of von Hirsch's motion to dismiss, her proposed amendments would not serve a useful purpose. *See Aponte-Torres*, 445 F.3d at 58.

### III. Conclusion

For the foregoing reasons, I **DENY** Olson's motion.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 31st day of October, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge