UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREAS VON HIRSCH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  No. 2:21-cv-00107-NT |
| | ) |
| ANGELYN A. OLSON, | ) |
| | ) |
| Defendant | ) |

**ORDER RE: REQUESTS FOR DISCOVERY HEARING**

Since August 2021, the parties in this matter have collectively filed more than a dozen requests for discovery hearings (not including several other discovery motions), *see* ECF Nos. 15, 20, 22, 36, 45, 47, 49, 54, 59, 61, 71, 76, 79, 90-92, and this Court has conducted six discovery hearings, *see* ECF Nos. 30, 57, 65, 75, 84, 95. Defendant Angelyn A. Olson recently filed two more requests (ECF Nos. 96-97) bringing the total number of such requests in this case to eighteen. Although general discovery closed on April 1, 2022, discovery is being held open until April 29, 2022, for the taking of two more depositions, *see* ECF No. 95 at 1-2, and it seems all but inevitable that additional disputes will arise.

In sharp contrast to the way discovery has played out in this case, discovery is meant to be a self-executing process requiring minimal court involvement. *See Covino v. Spirit Airlines, Inc.*, Case No. 2:20-cv-01039-GMN-NJK, 2021 WL 2955898, at *4 (D. Nev. July 14, 2021); *Matthews v. Allen*, Civil Action No. 02-11922-RWZ, 2006 WL 2228845, at *1 (D. Mass. Aug. 4, 2006). As such, parties must "strive to be

cooperative, practical, and sensible" when conducting discovery "and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Covino*, 2021 WL 2955898, at *4 (cleaned up). "It is not a court's function to drag" parties "kicking and screaming through discovery." *FDIC v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986) (cleaned up).

To avoid wasting limited judicial resources on discovery disputes that could have been resolved by agreement, parties are required to meet and confer in good faith before seeking court intervention. *See* Loc. R. 26(b) ("A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute."). Given its important purpose, the meet and confer requirement is not a meaningless box to be checked; rather, it imposes a real and substantial obligation on parties to attempt to reach a compromise. *See id.* (providing that a request for a discovery hearing "carries with it a professional representation by the lawyer that a conference has taken place and that he or she has made a good faith effort to resolve the dispute"); *see also W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 308 F. Supp. 3d 954, 958-59 (N.D. Ill. 2018) ("Chatting for a bit about a dispute and maintaining an untenable position at worst or a tenuous position at best, is not engaging in a good faith meet and confer.").

"The sheer volume of" discovery disputes in this case "is a red flag that sufficiently meaningful conferral efforts" are not taking place between the parties. *Reno v. W. Cab Co.*, Case No.: 2:18-cv-00840-APG-NJK, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019); *see also King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*,

Case No. CV 08-01251 RSWL (SSx), 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010). Accordingly, to ensure that the parties are making good faith attempts to resolve or at least narrow their disputes, counsel for the parties shall immediately schedule a face-to-face meeting (either in person or via videoconference) to separately discuss and attempt to resolve each of the discrete issues raised in Olson's requests. If any disputes remain, the parties shall file a joint statement by April 26, 2022, detailing as to each unresolved dispute: (1) the nature of the dispute (2) the time spent discussing the dispute, and (3) the arguments and compromises offered by each side regarding the dispute. The statement should not be more than a few pages but should be detailed enough to provide a real appreciation of the parties' efforts. If I am satisfied that the parties have met and conferred in good faith, I will schedule a discovery hearing. *See Autotech Techs. Ltd P'ship v. Automationdirect.com, Inc.*, No. 05 C 5488, 2007 WL 2713352, at *1, 4 (N.D. Ill. Sept. 12, 2007) (imposing similar requirements to address concerns that parties to a discovery dispute had not made a good faith effort to resolve the dispute before bringing it to the court's attention).

The parties should expect to follow this heightened meet and confer procedure for any future requests for a discovery hearing.

Finally, in light of this order, the discovery hearing currently scheduled for April 20, 2022, is **CANCELLED**.

**SO ORDERED**.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: April 12, 2022

/s/ Karen Frink Wolf
Karen Frink Wolf
United States Magistrate Judge