# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ANDREAS VON HIRSCH, | ) |
| | ) |
| Plaintiff/ | ) |
| Counter-Defendant, | ) |
| | ) |
| v. | ) Docket No. 2:21-cv-00107-NT |
| | ) |
| ANGELYN A. OLSON, | ) |
| | ) |
| Defendant/ | ) |
| Counter-Plaintiff. | ) |

## ORDER ON MOTIONS IN LIMINE
## AND MOTION TO SUBSTITUTE PLAINTIFF

Before me are several motions that bear on the competence of Plaintiff/Counter-Defendant Andreas von Hirsch ("**von Hirsch**" or "**the Plaintiff**") to testify and to serve as the plaintiff in this action: the motion in limine (ECF No. 168) of Defendant/Counter-Plaintiff Angelyn Olson ("**Olson**" or "**the Defendant**") to exclude the opinions and evidence offered by the Plaintiff's medical expert, the Plaintiff's motion in limine (ECF No. 143) of von Hirsch to exclude his trial and deposition testimony, and the Plaintiff's motion to substitute von Hirsch's current power of attorney, Diana Wilke, as the plaintiff in this action (ECF No. 144).

## BACKGROUND

From the start of this litigation, the cognitive abilities of von Hirsch have been in question, with the Plaintiff asserting in his Complaint that von Hirsch had been diagnosed with Parkinson's disease in 2013 and that he had "cognitive symptoms . . . which [have] made him vulnerable to exploitation." Compl. ¶ 21 (ECF No. 1). In 2021,

the Plaintiff designated an expert, Dr. Robert A. Riley, Psy.D., to opine on the issue of von Hirsch's cognitive functioning. In his initial report, submitted on October 11, 2021, in time for the October 12, 2021 expert designation deadline, Dr. Riley did not directly address von Hirsch's competence to testify and/or to serve as the plaintiff in this action. *See* Riley Decl. Ex. B ("**Dr. Riley Oct. 11, 2021 Report**") (ECF No. 113-3). His report, however, did touch on issues obviously relevant to competence, including the following observation: "Given that significant difficulties with maintaining his focus and his train of thought were seen several years ago, and given that it is likely that his functioning has worsened since that time, it is likely that [von Hirsch] *could* be expected to have significant difficulty in maintaining his focus, recalling information accurately, and providing reliable, consistent, and coherent information*, particularly in challenging conversations, such as if he were to be deposed or cross-examined*." Dr. Riley Oct. 11, 2021 Report, at 2 (emphasis added).

On February 8, 2022, counsel for the Plaintiff filed a request for "court guidance on Plaintiff von Hirsch's deposition." Req. for Hr'g Re: Disc. Dispute Pursuant to Local R. 26(b) ("**Feb. 8, 2022 Req. for Hr'g**") (ECF No. 76). The Plaintiff's counsel reported that the Defendant had asked to take von Hirsch's deposition on January 24, 2022, at which point the "Plaintiff sought an updated cognitive evaluation regarding [von Hirsch's] competence to give testimony." Feb. 8, 2022 Req. for Hr'g. According to this filing, the Plaintiff had just received the report, written by a German doctor named Dr. Obermaier, in which Dr. Obermaier had concluded that von Hirsch was "verhandlungsunfähig"—a term that the Plaintiff's

2

counsel explained is German shorthand for the idea that "[von Hirsch] is no longer competent to give testimony or to defend himself in court." Feb. 8, 2022 Req. for Hr'g. A discovery dispute hearing was scheduled for March 2, 2022.

On March 1, 2022, the day before the hearing, Dr. Riley submitted what he titled an "Updated Report After Review of Additional Records." Riley Decl. Ex. C ("**Dr. Riley Mar. 1, 2022 Updated Report**"), at 1 (ECF No. 113-4). Dr. Riley wrote that, "per [the] request [of the Plaintiff's counsel], I have reviewed some additional records which [counsel's] office provided to me." Dr. Riley Mar. 1, 2022 Updated Report, at 1. Those "additional records" consisted of (1) "excerpts from text message conversations between" Olson and Silvia Bracher and between Olson and Wilke, and (2) "a report, dated 1/29/22, of an evaluation of Mr. Von Hirsch by Dr. Obermaier[,]" which "focused . . . on the issue of Mr. Von Hirsch's capacity to stand trial." Dr. Riley Mar. 1, 2022 Updated Report, at 1. "Based on the review of Dr. Obermaier's report and the copious set of medical records available to me, and my knowledge, experience, education and training," Dr. Riley wrote, ". . . Mr. Von Hirsch does not have the capacity to provide testimony in a manner which would be useful and helpful for the court." Dr. Riley Updated Report Mar. 1, 2022, at 3.

The next day, on March 2, 2022, the parties had a hearing before Magistrate Judge Rich to discuss whether von Hirsch's deposition by the Defendant could proceed. Min. Entry (ECF No. 83); Tr. of Proceedings ("**Tr. of Mar. 2, 2022 Hr'g**") (ECF No. 85). The Plaintiff argued that von Hirsch should not be deposed in light of Dr. Obermaier's finding that he was no longer competent. Tr. of Mar. 2, 2022 Hr'g, at

5:11–5:16. The Defendant responded that Dr. Obermaier's report was hearsay and unauthenticated, and asked for a chance to depose Dr. Obermaier in order to determine whether a further medical examination of von Hirsch was necessary to determine his competence to testify. Tr. of Mar. 2, 2022 Hr'g, at 6:25–7:8. The Plaintiff agreed to try to provide Obermaier for a deposition, and agreed to pay for any attendant costs, though the Plaintiff did note the possibility that Dr. Obermaier might not agree to be deposed. Tr. of Mar. 2, 2022 Hr'g, at 9:2–9:14, 10:14–10:19. Judge Rich "directed the parties to report to the court as soon as they know whether Dr. Obermaier can be deposed, bearing in mind that discovery closes on April 1, 2022." Order (ECF No. 84).

On March 16, 2022, the Defendant filed her own request for a discovery dispute hearing, alleging that she had "yet to receive a date for Dr. Obermaier's deposition," even though the discovery deadline was just over a week away. Req. for Hr'g Regarding Disc. Dispute (ECF No. 90). On March 23, 2022, Judge Rich held another hearing with the parties at which they agreed that the Defendant could depose von Hirsch regardless of Dr. Obermaier's availability for deposition. Min. Entry (ECF No. 94); Report of Hr'g and Order 1 (ECF No. 95). Judge Rich also extended the discovery deadline to April 29, 2022, "for the limited purpose of taking the depositions of von Hirsch and Dr. Obermaier (if he becomes available)." Report of Hr'g and Order 2.

On April 5, 2022, the Defendant deposed von Hirsch. Von Hirsch Depo. (ECF No. 112-4). A transcript of that deposition, though not a video or audio recording, is available in the record. Ten days later, on April 15, 2022, Dr. Riley filed another

4

report, this one titled, "Andreas Von Hirsch Deposition Observations." Riley Decl. Ex. D ("**Dr. Riley Apr. 15, 2022 Depo. Observations**"), at 1 (ECF No. 113-5). Dr. Riley wrote that:

> Based on my observations of Mr. Von Hirsch during the deposition, it is clear to me that he is an individual with very significantly deteriorated cognitive abilities. He appeared as an intelligent, well-educated, and well-read individual, who now was struggling in vain to still appear competent and knowledgeable, despite clear and demonstrable cognitive impairments. It is clear to me that he cannot provide testimony in a meaningful and reliable manner, and, given that his cognitive status is likely continuing to deteriorate, he will also be unable to provide reliable testimony at any point in the future.

Dr. Riley Apr. 15, 2022 Depo. Observations, at 2. Then, on July 18, 2022, Dr. Riley submitted a declaration in which he stated his opinion that "at the time Mr. von Hirsch was deposed (April 2022) and in the future Mr. von Hirsch could not and cannot provide testimony in a consistent, accurate, or reliable manner, due to the progression of his neurodegenerative disorder and dementia." Riley Decl. ("**Dr. Riley July 18, 2022 Decl.**") ¶ 15 (ECF No. 113-1). Dr. Riley explained that his opinion was "[b]ased on all of the information I have received—in particular the information contained in Dr. Obermaier's January 2022 report, my observations of Mr. von Hirsch at deposition, and . . . my professional judgment." Dr. Riley July 18, 2022 Decl. ¶ 15.

No other information or updates on the issue of von Hirsch's competency were provided by either party; no competency hearing was requested or held; and no competency determination has been made. A review of the docket, however, reveals several notable facts. First, the Defendant was never able to depose Dr. Obermaier,

5

though the reason the deposition never occurred is not entirely clear.[1] Second, Dr. Obermaier's January 2022 report, in which he opined that von Hirsch was "verhandlungsunfähig," was never entered into the record or otherwise authenticated and no other underlying medical records have been offered into evidence. Third, the Defendant asserts that von Hirsch travelled to Maine last summer by ship and stayed at his summer home on Vinalhaven and he was well enough to sail and entertain guests. Def.'s Opp'n and Obj. to Pl.'s Letter & Exs. to the Judge Regarding Air Travel Restriction ¶ 4 (ECF No. 182). This would have been an opportune time to make von Hirsch available for an independent medical examination or at least to have given Dr. Riley, who has never met von Hirsch, an opportunity to assess his condition.

## DISCUSSION

Now, on the eve of trial, the parties have each filed motions that, at their core, bear on, and ultimately require resolution of, the question of von Hirsch's competence. Below I address each side's motions in turn:

I. **Defendant's Motion in Limine to Exclude Untimely Expert Opinions (ECF No. 168)**

The Defendant moves to exclude "[a]ny evidence, statement, or argument offering any medical record not properly disclosed prior to the Court ordered expert deadline." Def./Counter-Pl.'s Mot. in Limine ("**Olson Mot.**") 1 (ECF No. 168). In her

---

[1] At a recent conference, counsel for the Plaintiff stated that he believed that Diana Wilke had reached out to Dr. Obermaier and asked him to participate in a deposition. According to the Plaintiff's counsel, Dr. Obermaier was non-responsive and/or indicated some reluctance to take part in the litigation. There is no record of the attempts to contact Dr. Obermaier and/or to obtain his consent for a deposition. It is also not clear why the Plaintiff's counsel used Diana Wilke as an intermediary in contacting Dr. Obermaier.

reply brief, Olson specifies that she is seeking to exclude some of the expert opinions and evidence offered by von Hirsch's medical expert, Dr. Riley. *See* Def./Counter-Pl.'s Reply to Pl.'s Opp'n to her Mot. in Limine ("**Olson's Reply**") 1 (ECF No. 180). Olson argues that (1) Dr. Riley should not be permitted to opine on the competency of von Hirsch because "Dr. Riley had no opinions related to the same at the time of his disclosure and his deposition," and (2) the Plaintiff should be barred from introducing Dr. Riley's supplemental report as evidence, because that report itself relies on a report by Dr. Obermaier, who was never made available for deposition "despite multiple requests." Olson's Reply 4.

As to Olson's first argument, that Dr. Riley should be barred from testifying at all as to von Hirsch's competency, I am not persuaded. Under Rule 26 of the Federal Rules of Civil Procedure, "[p]laintiffs and defendants alike must identify their expert witnesses and produce their experts' reports by court-approved deadlines." *Lawes v. CSA Architects & Eng'rs LLP*, 963 F.3d 72, 90 (1st Cir. 2020). "But the expert's work doesn't end there. Rule 26(e) then instructs parties that expert disclosures 'must be kept current.'" *Id.* at 91 (quoting *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)). "During litigation, usually before trial, experts must supplement their reports . . . when a party learns that its 'disclosure or response is incomplete or incorrect' and 'the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.' The duty to supplement extends 'to information included in the expert's report and to information given during the expert's deposition.'" *Id.* (citations omitted).

7

Here, Dr. Riley's initial report was timely submitted, and although it did not directly offer an opinion as to von Hirsch's competency, it certainly raised observations that are germane to that issue. In that report, Dr. Riley opined that "it is likely that [von Hirsch] *could* be expected to have significant difficulty in maintaining his focus, recalling information accurately, and providing reliable, consistent, and coherent information, particularly in challenging conversations, *such as if he were to be deposed or cross-examined*." Dr. Riley Oct. 11, 2021 Report, at 2 (emphasis added). And, by offering that opinion as to von Hirsch's cognitive abilities in time for the expert designation deadline, Dr. Riley opened the door to supplementation of that opinion later on. As such, I do not agree with Olson that *any* opinion of Dr. Riley as to von Hirsch's competence after the expert designation deadline must be excluded.

I am, however, troubled by Dr. Riley's later reliance on the medical reports of Dr. Obermaier, though not for the reason (timeliness) raised by the Defendant. Instead, my concern stems from the fact that, despite the Defendant's multiple requests to obtain a deposition of Dr. Obermaier, the Defendant has never had an opportunity to depose him, and it is not clear why that deposition never took place or even what efforts were made to obtain it. I am also concerned that Dr. Obermaier's report—which constitutes the main evidence supporting Dr. Riley's opinion and, in turn, the Plaintiff's arguments as to von Hirsch's incompetency—is not in the record, even though questions have been swirling about the report for over a year. Overall, given that the Defendant has not had the chance to cross-examine Dr. Obermaier and

8

the Plaintiff has failed to provide any information that might allow me or the Defendant to evaluate Dr. Obermaier's report, it would not be fair to the Defendant to allow the Plaintiff to introduce Dr. Obermaier's findings, via Dr. Riley's testimony or otherwise. The Defendant's motion to exclude any evidence, statement, or argument offering Dr. Obermaier's report or opinions is therefore granted.

## II. Plaintiff's Motion in Limine to Exclude Trial and Deposition Testimony by von Hirsch (ECF No. 143)

The Plaintiff moves to exclude von Hirsch's deposition testimony and to bar the Defendant from calling von Hirsch as a witness at trial on the ground that he was, and continues to be, incompetent. Pl.'s Mot. in Limine to Exclude Trial and Dep. Test. by von Hirsch ("**Von Hirsch Test. Mot.**") 1 (ECF No. 143). As support, the Plaintiff cites the conclusion of Dr. Riley that "at the time Mr. von Hirsch was deposed (April 2022) and in the future Mr. von Hirsch could not and cannot provide testimony in a consistent, accurate, or reliable manner, due to the progression of his neurodegenerative disorder and dementia." Dr. Riley July 18, 2022 Decl. ¶ 15.

Rule 601 of the Federal Rules of Evidence rests on the presumption that "[e]very person is competent to be a witness unless these rules provide otherwise." Fed. R. Evid. 601; *see U.S. v. Devin*, 918 F.2d 280, 291 (1st Cir. 1990) ("It is a well-established principle, embodied in Fed. R. Evid. 601, that witnesses are presumed competent to testify."). "The party challenging the competency of a witness bears the burden of proving the incompetence." *Swanger v. Diversified Treatment Alts.*, No. 4:11-CV-894, 2019 WL 430929, at *3 (M.D. Pa. Feb. 4, 2019). It is therefore the

Plaintiff's burden to overcome Rule 601's presumption that von Hirsch is competent to provide deposition and trial testimony.

Per Rule 601, "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 601. Here, because state law supplies the rule of decision for all of the claims and defenses in this case, I look to Maine law. Maine law dictates that, "[i]n general, 'every person is competent to be a witness.'" *State v. Cochran*, 2004 ME 138, ¶ 6, 863 A.2d 263 (quoting M.R. Evid. 601(a)). A person will be disqualified from testifying, however, if the court finds that:

> (1) the proposed witness is incapable of communicating concerning the matter so as to be understood by the judge and jury either directly or through interpretation by one who can understand the proposed witness, (2) the proposed witness is incapable of understanding the duty of a witness to tell the truth, (3) the proposed witness lacked any reasonable ability to perceive the matter or (4) the proposed witness lacks any reasonable ability to remember the matter.

*Id.* (quoting M.R. Evid. 601(b)). This is a tall hurdle to clear. "The inclusion of the phraseology 'any reasonable ability' [in Maine Rule of Evidence 601(b)] is intended to make it clear that even a limited ability to perceive and remember may be sufficient to avoid disqualification under amended Rule 601(b)." *State v. Gorman*, 2004 ME 90, ¶ 22, 854 A.2d 1164 (quoting Field & Murray, Maine Evidence 242 (2000 ed.)).

At this point, the Plaintiff simply has not met the burden of demonstrating that von Hirsch was incompetent at the time of his deposition or that he is currently incompetent. As explained above, Dr. Obermaier's report cannot serve as a basis for the competency determination. And the remaining evidence cited by the Plaintiff—Dr. Riley's submissions and "the Court's own experience with von Hirsch's deposition

10

testimony"—is inadequate. Von Hirsch Test. Mot. 4. First, Dr. Riley's opinion that von Hirsch "does not have the capacity to provide testimony" was largely "[b]ased on a review of Dr. Obermaier's report" and other undisclosed medical records. Dr. Riley Mar. 1, 2022 Updated Report, at 3. To the extent that Dr. Riley also based his opinion on his observation of von Hirsch's deposition, I do not agree that von Hirsch's deposition (at least insofar as it is presented in the transcript in the record) is sufficient proof that von Hirsch "cannot provide testimony in a meaningful and reliable manner." Dr. Riley Apr. 15, 2022 Depo. Observations, at 2. While von Hirsch's deposition seems to contain some moments of confusion and/or forgetfulness, it is, in my view, relatively coherent at times. It would not be accurate to characterize the deposition transcript as evidence that von Hirsch was "incapable" of communicating or understanding his duty to tell the truth, or that he "'lacked any reasonable ability" to perceive the matter or reasonably remember it.

### III. Plaintiff's Motion to Substitute Diana Wilke as Plaintiff (ECF No. 144)

Von Hirsch also moves to substitute Diana Wilke as the plaintiff in this action pursuant to Federal Rule of Civil Procedure 25(b). Pl.'s Mot. to Substitute Diana Wilke as Pl. ("**Mot. to Substitute Wilke as Pl.**") 1 (ECF No. 144). Rule 25(b) states that, "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." Fed. R. Civ. P. 25(b). Because there is no question that Wilke, as von Hirsch's power of attorney and fiduciary, is a proper party to be substituted as plaintiff in this litigation, the analysis here rests on the question of whether von Hirsch has indeed "become[ ] incompetent." The Plaintiff, citing the same evidence as presented in support of the previous

11

motion—that is, the expert testimony of Dr. Riley—argues that von Hirsch is incompetent. Mot. to Substitute Wilke as Pl. 1.

Once again, for the same reasons outlined above, I find that this evidence is insufficient to establish that von Hirsch is incompetent for the purpose of substitution. *See Smith v. Vill. Club, Inc.*, No. 8:15-cv-579-T-36AEP, 2015 WL 12835712, at *1 (M.D. Fla. Nov. 12, 2015) (denying motion to substitute where there was "no medical evidence of [the plaintiff's] disability or incompetence in the record"); *Bah v. Wa. Metro. Area Transit Auth.*, No. CBD–14–2803, 2015 WL 6460082, at *2 (D. Md. Oct. 23, 2015) (denying motion to substitute because "there is no evidence that Plaintiff has been declared legally incompetent in a court proceeding"); *see also McBroom v. Potter*, No. 2:06-cv-767-MEF-SRW, 2007 WL 1424530, at *2 (M.D. Ala. May 14, 2007) (denying motion to substitute because the plaintiff had provided only "scant medical information" related to her competency).

## IV.   Next Steps

The remaining issue is how to move forward given the unresolved nature of the competency question, particularly in light of the fact that jury selection is slated to begin in just a few days, on May 1, 2023. Because the Plaintiff has made an inadequate showing in support of the contention that von Hirsch is incompetent, it would be within my discretion to simply deny the Plaintiff's motions outright, order von Hirsch to appear, and move forward with trial. *See Strong v. Honeywell Int'l, Inc.*, No. 2:20-CV-136-RMP, 2021 WL 4429187, at *4 (E.D. Wash. Sept. 27, 2021) (finding that the defendant had failed to provide sufficient evidence to "show a competency hearing is necessary"). That said, I am cognizant of the fact that von Hirsch is an

elderly person whose doctors recommend that he not travel by air. *See* Notice/Correspondence Re: Pl. Air Travel (ECF No. 181). *But see* Def.'s Opp'n and Obj. to Pl.'s Letter & Exs. to the Judge Regarding Air Travel Restriction. Accordingly, I will continue the trial for one month, defer ruling on the Plaintiff's motions, and allow the Plaintiff an opportunity for a competency hearing.

## CONCLUSION

For the reasons stated above, the Defendant's motion in limine (ECF No. 168) as it relates to Dr. Riley's opinions and related evidence is **GRANTED IN PART** and **DENIED IN PART**.[2] I **RESERVE RULING** on the Plaintiff's motion to exclude the trial and deposition testimony of von Hirsch (ECF No. 143) and the motion to substitute Diana Wilke as the Plaintiff (ECF No. 144) pending the outcome of a competency hearing. Trial is **CONTINUED** to the June 2023 list to allow time for a competency hearing and for a competency determination to be made. It is further **ORDERED** that any costs borne by the Defendant in relation to the delay of trial will be paid by the Plaintiff.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

---

[2] In her motion in limine, the Defendant raises two other categories of evidence she wishes to bar the introduction of: (1) opinions of the Plaintiff's expert, Mirissa Harrison, and (2) evidence that the Plaintiff will donate any judgment obtained from the Plaintiff to charity. For now, I **RESERVE RULING** on the motion to exclude Harrison's testimony. Seeing no objection from the Plaintiff, the motion to exclude evidence that the Plaintiff will donate any judgment to charity is **GRANTED**.

13

Dated this 27th day of April, 2023.