UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DIANA WILKE, as representative of ANDREAS VON HIRSCH, <br><br>      Plaintiff/ <br>      Counter-Defendant, <br><br>v. <br><br>ANGELYN A. OLSON, <br><br>      Defendant/ <br>      Counter-Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Docket No. 2:21-cv-00107-NT |

**ORDER ON MOTION IN LIMINE REGARDING
CAMDEN NATIONAL BANK RECORDS**

The Plaintiff/Counter-Defendant, Diana Wilke, moves to authenticate and admit bank records (the "**Camden Bank Records**") from four Camden National Bank accounts retained by Andreas von Hirsch that Defendant/Counter-Plaintiff, Angelyn Olson, had access to. Pl.'s Mot. in Lim. Regarding Camden National Bank Account Statements and Test. by Bank Representative ("**Camden Bank Records Mot.**") 1 (ECF No. 223). Wilke asserts that the Camden Bank Records are admissible pursuant to Rule 803(6) of the Federal Rules of Evidence, the business-records exception to the rule against hearsay. *See* Camden Bank Records Mot. 1.

Fed. R. Evid. 803(6) permits the admission of "records of a regularly conducted activity" if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
    (C) making the record was a regular practice of that activity;
    (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11)[1] . . . or with a statute permitting certification; and
    (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

"[I]f the proponent has established the stated requirements of the exception—regular business with regularly kept record, source with personal knowledge, record made timely, and foundation testimony or certification—then the burden is on the opponent to show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6) advisory committee's note to 2014 amendments. Thus, Wilke, as the proponent, bears the burden of establishing the requirements of the exception, while Olson, as the opponent, bears the burden of showing a lack of trustworthiness.

Here, Wilke argues that the conditions of admissibility of the Camden Bank Records are shown by a certification pursuant to Fed. R. Evid. 803(6)(D). Specifically, Wilke submits an affidavit of a Camden National Bank employee, Suzanne Cifaldo, attesting that the Camden Bank Records are authentic, "maintained in the ordinary and regular course of Camden National Bank's business[,] and are created at or near the time the transactions reflected on the statements are recorded." Cifaldo Aff. ¶¶ 4–

---

[1]     Fed. R. Evid. 902(11) provides for "certification of the custodian or another qualified person."

5 (ECF No. 223-1). The affidavit purports to have attached to it an index to the bank records and copies of the bank statements, Cifaldo Aff. ¶ 4, but Wilke has omitted the copies of the Camden Bank Records in making this motion because "[t]he entire set of attached account statements are over 850 pages long." Camden Bank Records Mot. 1 n.1.

Olson responds that the Camden Bank Records are untrustworthy. First, Olson argues that there is a "chain of custody" issue, in that the Camden Bank Records certified by Ms. Cifaldo were not taken directly from the bank's records in order to be certified; rather, they were, at least in part, first obtained by Wilke, then provided to Wilke's counsel, and then turned over to the bank for certification. *See* Def./Counter-Pl.'s Resp. to Pl.'s Mot. in Lim. Regarding Camden National Bank Account Statements and Test. by Bank Representative ("**Resp. to Camden Bank Records Mot.**") ¶ 13 (ECF No. 236); Pl.'s Reply in Supp. of Mot. in Lim. Regarding Camden National Bank Account Statements and Test. by Bank Representative ("**Reply to Camden Bank Records Mot.**") 2 (ECF No. 241). Second, Olson asserts that there are several "irregularities" in the Camden Bank Records. At a hearing today, Olson's counsel provided several examples of these alleged irregularities, including that some of the documents contain highlighting by Wilke's counsel, that Wilke's counsel redacted certain segments, and that the photocopies of checks included in the documents have inconsistencies in layout, which Olson's counsel suggested could be the result of digital manipulation. *See* Ct. Ex. List from Trial Management Conference and Hr'g on Mots. in Lim. Held on 6/2/23 (ECF No. 263).

In light of these arguments, I first consider whether Wilke has met her burden to satisfy Rule 803(6)'s requirements, and I find that she has not. Specifically, as I stated at today's hearing, Ms. Cifaldo's affidavit does not attest to the fact that the Camden Bank Records were made by "someone with knowledge," a requirement under Rule 803(6)(A). Nor does the affidavit attest to the fact that "making the record[s] was a regular practice" of the bank's regularly conducted business activity, as is required under Rule 803(6)(C).

Next, I find that Olson has satisfied her burden to raise an issue of trustworthiness. The certification process here was a bit circuitous. The bank initially provided the documents to Wilke and her counsel, and then Wilke's counsel returned the records to the bank to allow Ms. Cifaldo to certify them. And the copies of the records provided to the bank for certification contained highlighting and redactions that were added by Wilke's counsel. Wilke seeks to downplay the significance of the alleged irregularities raised by Olson and argues that the "redactions were applied to von Hirsch's bank account numbers pursuant to Fed. R. Civ. P. 5.2," Reply to Camden Bank Records Mot. 3, which requires that, "[u]nless the court orders otherwise, . . . a party or nonparty making [a] filing may include only . . . the last four digits of the financial-account number." Fed. R. Civ. P. 5.2. But the examples of the documents available to me suggest that more information than just account numbers were redacted, including at least one "transaction activity" description and corresponding withdrawal amount. Because of the unusual process followed—the fact that the

4

documents were not produced directly by the bank—there was an opportunity for manipulation of the documents.

Although Ms. Cifaldo avers that the documents are "copies of authentic and accurate bank statements," the fairest course here would be to allow the Defendant an opportunity to inquire into whether Ms. Cifaldo reviewed each of the 850 documents, how she accounted for the redactions and added highlighting, and whether she can confirm or deny the manipulation theory. Alternatively, the Plaintiff could seek to have the bank produce the records again without redaction.[2] If reproduced with a proper certification of authenticity, this would effectively allay Olson's concerns about chain of custody, highlighting, and redaction, and it would also allow her an opportunity to test her manipulation theory.

In sum, Wilke, as the proponent of the documents, has failed to meet her burden under Rule 803(6)(A) and (C). And, even putting aside that issue, Olson, as the opponent of the evidence, has raised questions about the trustworthiness of the documents under Rule 803(6)(E). As such, Wilke's motion to admit the Camden Bank Documents is denied without prejudice to its being reasserted if the proper foundation can be laid.

---

[2] I understand the Defendant's argument that it would take time away from trial preparation to review a new production of 850 documents, but it appeared at today's proceedings that the Defendant has already identified at least a portion of the documents that seem problematic, and they should be able to zero in on those documents once bank-produced copies are available to see whether anything is awry. I expect that the new production will closely match the old production but for redactions, highlighting, and, possibly, quality of reproduction, and I doubt that the comparison will be that time-consuming. If the Plaintiff opts to have the bank reproduce the documents, they should be produced by Monday, June 5, 2023, in order to give the maximum possible time for review.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's Motion in Limine Regarding Camden National Bank Account Statements and Testimony by Bank Representative (ECF No. 223).

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 2nd day of June, 2023.